### Roy Ware and T. F. Karnes, Appellants, v. Frank W. Brown, Appellee.

### Gen. No. 7,610.

LANDLORD AND TENANT—*surrender of lease not shown by voluntary act of lessor.* In an action by the lessor for the rent due on demised premises under a lease to defendants, which did not require the lessor to make alterations or repairs, the fact that he made certain repairs on the premises and built a new roof thereon, pursuant to the request of the tenants, but during the occupancy of the premises by one who had subleased them from them and

who paid the rent directly to the plaintiff for several months after defendants had removed from the premises, does not show an acceptance and surrender of the premises on the part of plaintiff.

Appeal by plaintiffs from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed October 26, 1923.

LANE, DRYER & BROWN, for appellants.

MILLER, MAJOR & MAJOR, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Appellee brought suit in the circuit court of Montgomery county, based upon a lease entered into between the appellee and appellants on May 24, 1920, whereby the appellee leased and rented a garage situated in the City of Hillsboro to the appellants from the 1st day of June, 1920, to the 31st day of May, 1922, at a monthly rental of $50 per month, payable in advance.

The appellants on the 1st day of June, 1920, entered into possession of the demised premises and paid the rent until on or about the 31st day of May, 1921. It was provided in the lease that "the said parties of the second part further covenanted with the said party of the first part that the said party has received said demised premises in good order and condition, and at the expiration of the time in this lease mentioned, * * * they will yield up the said premises to the said party of the first part, in as good condition as when the same were entered upon by the said parties of the second part, loss by fire, inevitable accident or ordinary wear excepted; and also that they will keep the said premises in good repair during the lease at their own expense, and will restore the premises to the party of the first part with glass of like quality and all the windows thereof, in as good condition" as the same then were in.

The appellee, Brown, lived in the City of Peoria. One C. W. Witherspoon of Hillsboro had authority from appellee with reference to looking after the demised premises, but he had no authority in any manner to change the terms of the written instrument. Appellants took possession of the premises in accordance with the terms of said lease and used the same for a garage and other purposes for some time, but just how long is very indefinite from this record.

Some time after appellants took possession of the premises the business relations of Karnes and Ware were dissolved and Karnes conducted the business for himself. In February, 1921, Karnes leased or sublet the premises in question to one L. H. McHugh, a mechanic who moved into the same and occupied it jointly with Karnes, McHugh paying Karnes the sum of $50 per month as rent.

On the 3rd day of May, 1921, Karnes had a notice prepared and sent to appellee, ostensibly for the purpose of relieving himself from the obligations of the lease, notifying appellee that he would vacate the premises within a certain time unless the building was placed in a suitable state of repair. At the same time, Karnes, through an attorney, caused to be prepared a letter to be sent to appellee by McHugh, who was then occupying the premises jointly with Karnes, and said letter was taken by Karnes to McHugh for his signature and was signed by McHugh. McHugh did not mail the letter to appellee but gave it to Karnes, who, it is fair to believe from this record, mailed the same to appellee. Appellee replied to the McHugh letter in which he informed McHugh that the building was leased and that the said lease had another year to run; that appellee would be glad to talk to McHugh in regard to leasing the building as soon as the other lease expired, which letter was received by McHugh.

It appears from the record that after May, 1921, McHugh and another mechanic remained in possession

of the garage, Karnes having moved across the street to another garage, McHugh and the additional mechanic still remaining in appellee's garage doing work for Karnes and receiving pay from Karnes, for such rent, and during a period of about three months the rent, $50 per month, was forwarded by McHugh to the appellee at Peoria. No rent was paid by appellants or McHugh after September, 1921, and this suit is brought to recover six months' rent.

Appellants filed various pleadings, all of which, except the third plea, upon demurrer were held to set out and state the same defense as alleged in appellant's third plea. The third special plea alleges that the appellants surrendered and delivered up possession of the premises in the declaration mentioned on the 31st day of May, 1921, and that appellee, on said date, accepted and entered into possession of the same and thereafter during said month rented the same to Louis McHugh at the monthly rental specified in the lease and sued upon, and thereafter, during the term of the said lease mentioned, made material and valuable improvements and changed and remodeled the building located thereon to suit the wishes and desires and convenience of appellee and the said Louis McHugh, and without the knowledge, suggestion or permission of the appellants, or either of them, and by means whereof a surrender of said lease was effected.

The cause was submitted to the court who found in favor of the appellee and a judgment was entered for the rent.

Appellants allege error in the sustaining of the demurrer to the pleas of the appellants other than the third plea, but upon a careful reading of all of such pleas it is plain that all of said pleas state substantially the same defense and appellants were not injured by the court sustaining a demurrer to said pleas.

Appellants urge error on the ground that the appellee made repairs upon said building, built substan-

tially a new roof in compliance with the letter and request of the appellants, and, without being required so to do under the terms of said lease, effected an acceptance of the premises and a surrender on the part of appellee.

We do not agree with appellants' contention. Appellee was not required under the lease to make such repairs nor to build a new roof. Appellants had requested the making of such repairs. Appellants cannot now take advantage of the fact that appellee made such repairs or even built a new roof at the request of appellants. There is no evidence in this record showing or even tending to show that the appellee consented to the surrender of said premises on the part of appellants, or that appellee ever accepted McHugh as an assignee of said lease, and there is, therefore, no error in the judgment of the lower court. The judgment of the lower court is hereby affirmed.

*Judgment affirmed.*